UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ELIZABETH MELENDEZ,** *Plaintiff* | § § § |
| v. | §  No. A-20-CV-01094-DH |
| **REGENT CARE CENTER,** *Defendant* | § § § § |

## ORDER

Before the Court is Defendant Regent Care Center's ("Regent Care") motion for summary judgment, Dkt. 54, and all related briefing. Having reviewed these filings and the relevant case law, the undersigned finds that the motion should be granted.

### I.   BACKGROUND

Elizabeth Melendez initiated this Title VII lawsuit after she was terminated from her position as a certified nursing assistant for Regent Care. Dkt. 1. In her complaint, Melendez alleged that she was terminated because she is Latina, and from Mexico. *Id.* at 3. After certain of Melendez's claims were dismissed, and the parties consented to reference of this case to the magistrate court, Regent Care moved for summary judgment on Melendez's remaining Title VII discriminatory termination and reduction of wage claims. Dkts. 41, 47, 48, 54. In its motion, Regent Care argues that Melendez failed to present a *prima facie* case on either claim, and even if she has, she cannot rebut the legitimate, nondiscriminatory reasons it has offered for her termination and reduction in wages. Dkt. 54, at 8, 10-11. Melendez opposes the

1

motion, arguing that disputes of material fact preclude summary judgment on her discriminatory termination and unlawful reduction of wage claims. Dkt. 55, at 1.

Melendez worked for Regent Care from 2009 until 2018, when she was terminated from her position based, at least in part, on an incident where she failed to offer proper care to a resident. Dkt. 54-2, at 2; Dkt. 54-3, at 4. In the eighteen months leading up to her termination, Melendez sustained ten written warnings related to similar episodes. Dkt. 54-1, at 2; *see also* Dkts. 54-5, 54-6, 54-7, 54-8, 54-9. Regent Care's policies allow it to terminate employees after their third written warning in eighteen months. Dkt. 54-11, at 1. Melendez denies that she failed to offer proper care to a resident, and makes reference to a video of the incident that has not been provided to the Court. Dkt. 55, at 2. Melendez refers to Regent Care's description of the incident as based on "false facts," and insists that all of her prior written warnings were the result of discriminatory complaints made by her colleagues. *Id.* at 3-6.

Melendez attached to her response documents demonstrating that on five occasions in 2013 and 2014, she was paid at an hourly rate of $14.51 per hour. Dkt. 55-1. Regent Care presented evidence showing that Melendez's hourly wage was increased when she agreed to receive pay in lieu of benefits, and received a wage increase that brought her base hourly rate to $10.90 per hour. Dkt. 54-13; Dkt. 54-15, at 2; Dkt. 54-18. However, due to a clerical error, Melendez received a wage of $14.51 in five of her pay checks before the error was corrected. Dkt. 54-1, at 2; Dkt. 54-16; Dkt. 54-18. Beginning in 2014, Regent Care ended its pay in lieu of benefits

program to comply with federal law, and sent notice of the change to all employees in English and Spanish. Dkt. 54-1, at 2. Melendez met with members of Regent Care's human resources team to review the changes to her wage after she complained of a reduction in her wages following the termination of the pay in lieu of benefits program. Dkt. 54-1, at 2; Dkt. 54-19.

## II.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come

forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. DISCUSSION

Regent Care moves for summary judgment on Melendez's remaining Title VII claims for discriminatory termination and unlawful reduction of wages. Dkt. 54. Melendez filed a response requesting that Regent Care's "motion for summary judgment be dismissed as unfounded" because she has presented disputes of material fact with regard to these two claims. Dkt. 55, at 13. The Court will address each of Melendez's claims below.

#### A. Title VII Discrimination Claim

Regent care first moves for summary judgment on Melendez's discrimination claim, arguing that she has not provided any direct evidence that she was terminated

based on her race or national origin, and cannot establish a *prima facie* case of discrimination through circumstantial evidence because she has not provided any evidence that she was replaced by or treated less favorably than other similarly situated employees outside of her protected groups. Dkt. 54, at 7-9. Indeed, in the absence of direct evidence of discriminatory animus, Melendez must demonstrate, among other elements, that she "was replaced by someone outside h[er] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016).[1]

Melendez does not dispute, or even address, the relevant legal standards, but rather offers, in narrative form, a rebuttal of the facts presented by Regent Care to support its motion. *See* Dkt. 55. Because Melendez has offered no direct evidence that her termination was the result of discrimination, or that she was replaced by or treated less favorably than other certified nurse assistants outside of her protected classes, she has failed to meet her burden as the nonmoving party to designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Even liberally construing Melendez's narrative response as an affidavit, the Court rejects Melendez's "attempt to create a fact issue" by "relying on a conclusory and self-serving affidavit." *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 & n.49 (5th

---

[1] "To establish a *prima facie* case of racial discrimination in employment, an employee must demonstrate that she '(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside h[er] protected group or was treated less favorably than other similarly situated employees outside the protected group.'" *Morris*, 827 F.3d at 400 (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 319-20 (5th Cir. 2014)).

5

Cir. 2005); *see also Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 F. App'x 306, 309 (5th Cir. 2011) ("self-serving affidavits, without more, will not defeat a motion for summary judgment.").

Even assuming again, for the sake of argument, Melendez had established a *prima facie* case of discrimination by presenting specific facts demonstrating that she was treated less favorably, or replaced by, a non-Latina, non-Mexican person, Regent Care has put forward evidence that Hispanic individuals make up the majority of the certified registered nurses hired since 2015, and currently employed, by Regent Care. Dkt. 54-1, at 1-2. Further, Regent Care also attached to its motion evidence that Melendez's termination was the result of the numerous disciplinary complaints she received in the eighteen months prior to her termination, which under Regent Care's policies justified her termination. Dkts. 54-1, 54-5, 54-6, 54-7, 54-8, 54-9, 54-10; *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 218 (5th Cir. 2016) (once plaintiff establishes *prima facie* case, "the burden would shift to [defendant] to provide legitimate, nondiscriminatory reasons for its decisions").

Though Melendez refused to sign any of the written disciplinary notices against her, and calls them "false" in her response, she nonetheless failed to "produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." Dkt. 55, at 5; *Outley*, 840 F.3d at 218 (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). Because Regent Care was empowered under its policies to terminate Melendez's employment after her third written warning in eighteen months, and she has failed to offer any evidence that the

6

complaints against her, or her termination, were the result of racial discrimination, Regent Care has met its burden show legitimate, nondiscriminatory reasons for Melendez's termination. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007) ("Job performance is a legitimate ... reason for termination."); *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015) (nonmovant must "rebut each discrete reason proffered by the employer"). The Court will thus grant Regent Care's motion for summary judgment on Melendez's Title VII discrimination claim.

### B. Title VII Unlawful Reduction of Wage Claim

Regent Care next moves for summary judgment on Melendez's Title VII discriminatory reduction of wage claim, arguing that Melendez failed to present any evidence that discriminatory animus drove her reduction in wages. Dkt. 54, at 10-11. Regent Care also offers two legitimate, nondiscriminatory motives for the wage reduction—the correction of a clerical error, and the ending of the pay in lieu of benefits program in in 2014. *Id.*; Dkt. 54-1, at 2. In her response, Melendez included a table indicating the changes to her hourly wage from 2011 to 2018, and proffers that "[a]s a foreigner, as a Mexican, the only thing I can deduce from these irregularities in my salary is that these actions are totally discriminatory." Dkt. 55, at 7-13. However, as Regent Care points out, Melendez has "failed to address the fact that her wages were reduced by the ending of the pay in lieu of benefits program." Dkt. 56, at 4.

As with her discriminatory termination claim, the Court finds that Melendez did not put forth evidence establishing a *prima facie* case that her wages were unlawfully reduced in violation of Title VII. Indeed, Melendez did not offer any direct evidence that her wage reductions were the result of discrimination, or that other similarly situated employees did not also experience a reduction in wages when the pay in lieu of benefits program ended in 2014. Dkt. 54-1, at 2; *See* Dkt. 55; *Raggs v. Miss. Power & Light Co.,* 278 F.3d 463, 471 (5th Cir. 2002) (*prima facie* case for discrimination in violation of Title VII requires plaintiff to demonstrate "a causal link existed between the protected activity and the adverse action."). Moreover, Melendez's conclusory statement asserting that the reduction in her wages was a result of racial animus is insufficient to meet her burden with regard to causation. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (nonmovant's burden is not satisfied by "conclusory allegations," "unsubstantiated assertions," or "by only a scintilla of evidence")

Even assuming that Melendez did establish a *prima facie* case for her unlawful reduction of wage claim, Regent Care offered legitimate, nondiscriminatory reasons for the reduction in wages. In particular, Regent Care presented evidence that the fluctuation in Melendez's wages was due to the discontinuance of the pay in lieu of benefits program, and the correction of clerical error that led to Melendez being overpaid on five occasions. Dkts. 54-1, at 2, 54-16, 54-18, 54-13, 54-15, at 2, 54-18; *see Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). In her response, Melendez did not offer any evidence of, or even address, Regent Care's proffered legitimate,

8

nondiscriminatory motives for the reduction in wages. *See* Dkt. 55. Melendez thus failed to carry her burden in either establishing a *prima facie* case of discriminatory reduction of wages, or rebutting Regent Care's proffered legitimate, nondiscriminatory reason for the reduction. The Court will grant Regent Care's motion for summary judgment, and dismiss Melendez's unlawful reduction of wage claim.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** that Regent Care's motion for summary judgment, Dkt. 54, is **GRANTED**. Melendez's Title VII discrimination and unlawful reduction of wage claims are **DISMISSED WITH PREJUDICE**.

The Court will enter Final Judgment by separate order.

SIGNED February 15, 2022.

                                        DUSTIN M. HOWELL
                                        UNITED STATES MAGISTRATGE JUDGE